UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:11-CV-265<br>) |
| DAVINA RENEE SEXTON, RHONDA SUE SEXTON, MAYNARD DEPEW, and THOMAS FUNERAL HOME, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed its Complaint in this Court on August 4, 2011, seeking equitable relief under the Employment Retirement Income Security Act of 1974 ("ERISA") against Defendants Davina Renee Sexton, Rhonda Sue Sexton, Maynard Depew, and Thomas Funeral Home.[1] (Docket # 1.) On September 19, 2011, Thomas Funeral Home, through its president, Thomas E. Drzewiecki, proceeding *pro se*, filed its Answer. (Docket # 11.) The Answer, however, reveals that Thomas Funeral Home is a corporation, T.F.H. Inc. (T.F.H. Inc. Answer 1.)

Because it is a corporation, Defendant Thomas Funeral Home cannot proceed *pro se* in this action; it must be represented by counsel. *See United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (stating that neither a corporation nor a limited liability company is permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in

---

[1] Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

that court); *Scandia Down Corp. v. Euroquilt, Inc*., 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."). Therefore, Defendant Thomas Funeral Home d.b.a. T.F.H. Inc. must secure counsel or its Answer will be stricken.

SO ORDERED.

Entered this 5th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge